**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| FREDERICK LYLE AVERY, | ) | Case No. 21-20285 PGC |
| | ) | |
| Debtor. | ) | |

**JOINDER OF WELLS FARGO BANK N.A. TO MOTION TO CONVERT**
**OF KROZ, LLC, ROSALIND SMITH, AND KEITH TAYLOR**

NOW COMES Creditor, Wells Fargo Bank N.A. ("Wells Fargo"), pursuant to 11 U.S.C. §§ 105, 109(e), and 1307, Federal Rules of Bankruptcy Procedure 1017, 9013, and 9014, and D. Me. LBR 3015-4, 9013-1 and 9014-1, and hereby joins in the *Motion to Convert to a Case Under Chapter 7 or, in the Alternative, for Relief from Stay*, dated January 13, 2022 (Dkt. No. 12) (the "Motion to Convert") and, to the extent the Court finds Debtor Frederick Lyle Avery ("Debtor") ineligible to be a debtor under Chapter 13 pursuant to § 109(e) of the United States Bankruptcy Code (the "Bankruptcy Code"), Wells Fargo requests the dismissal of the Debtor's case. Wells Fargo joins, adopts, and incorporates by reference herein the Motion to Convert, and in further support of this joinder, states as follows:

**Constitutional and Statutory Authority, Jurisdiction, and Venue**

1.      This Court possesses Constitutional authority to issue final orders and judgments in this contested matter, it has jurisdiction pursuant to 28 U.S.C. § 1334(b), this is a statutorily-core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.      On December 7, 2021 (the "Filing Date"), Debtor filed a voluntary petition under Chapter 13 of the Code.

3.      From December 29, 2021 through January 5, 2022, Wells Fargo filed three (3) Proofs of Claim in this case in the aggregate principal amount of $80,875.28.  *See* Proofs of Claim Nos. 12-1, 13-1, and 14-1 (collectively, the "Claims").

4.      Wells Fargo's Claims against Debtor arise from a Final Default Judgment issued in Wells Fargo's favor and against Debtor (and others), in the principal amount of $80,875.28 in Florida state court.  *See* Claims and exhibits attached thereto; *see also* 11 U.S.C. § 502(a); Federal Rule of Bankruptcy Procedure 3001.

5.      As of the Filing Date, the Debtor's Schedule E/F lists total unsecured claims and debts in the amount of $891,383—an amount that far exceeds the eligibility requirements for Chapter 13 debtors.  As such, by the Debtors own admission, he is ineligible to be a debtor under Chapter 13 of the Bankruptcy Code.  *See* 11 U.S.C. §§ 109(e) and 1307(c).  Accordingly, the Motion to Convert should be granted and the Debtor's case summarily dismissed.

**Discussion**

6.      Section 109(e) provides, in relevant part:  "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 . . . may be a debtor under Chapter 13 of this title."  11 U.S.C. § 109(e).

7.      The debt limit set forth in § 109(e) "does not present a jurisdictional hurdle but rather is an eligibility requirement."  *In re Marrama*, 345 B.R. 458, 468 (Bankr. D. Mass. 2006), *aff'd*, 549 U.S. 365 (2007).  The "eligibility limits of § 109(e) should be strictly construed."  *See In re Rios*, 476 B.R. 685, 688 (Bankr. D. Mass. 2012).

> Generally, eligibility for Chapter 13 is based upon debts as of the petition date andnot upon post-petition events such as allowed claims, filed claims, or treatment of claims in a confirmed Chapter 13 plan. . . . Therefore, Chapter 13 eligibility is usually determined by the debtor's schedules. As long as a debtor's schedules are completed after the exercise of due diligence and are filed in good faith, the schedules will determine a

debtor's eligibility for Chapter 13.  Therefore, the starting point of the eligibility analysis is the debtor's schedules.

*In re De Jounghe*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005) (citations omitted); *see also In re Smith*, 325 B.R. 498, 502 (Bankr. D.N.H. 2005) ("schedules will determine a debtor's eligibility for chapter 13.").

8.      As stated, the Debtor's Schedule E/F provides for total unsecured claims and debts in the amount of $891,383—nearly double the § 109(e) statutory cap.  *See* 11 U.S.C. § 109(e).  On the face of his own Schedules, Debtor is statutorily ineligible to carry on as a debtor under Chapter 13 of the Code and, for this reason alone, his case should be dismissed.

9.      Debtor attempts to obfuscate his lack of eligibility by characterizing the $526,000 unsecured liability due to creditor, Kroz LLC ("Kroz"), arising from a pre-petition case and controversy, as "contingent" on his Schedule E/F.  *See* Schedule E/F No. 4.22; Statement of Financial Affairs, No. 18.  However, such attempt is unavailing.  *See In re De Jounghe*, 334 B.R. at 768 ("a debtor's designation of a debt as 'unknown' or 'unliquidated' does not settle the question.").  The Debtor's liability to Kroz is not "contingent" for purposes of Debtor's eligibility under § 109(e) simply because he has characterized it as such, and, in fact, Debtor has admitted that the claim is liquidated.  *See* Schedule E/F, No. 4.22; *see also* 11 U.S.C. § 101(12) (defining "debt") and 101(5)(A) (defining "claim"); *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552,558 (1990) (terms "claims" and "debts" have same meaning in bankruptcy context).

10.     Rather, courts "scrutinize and redesignate the characterization by a debtor of any given debt when that characterization is the subject of a case or controversy."  *In re DeJounghe*, 334 B.R. at 768 (quotation omitted).  Here, the facts clearly contradict the Debtor's "contingent" designation.  Namely, all the events giving rise to the Debtor's liability for the amounts owing to Kroz occurred before the commencement of this case.  *See generally* Motion to Convert; *see also*

-3-

*In re Huelbig*, 299 B.R. 721, 723 (Bankr. D.R.I. 2003) ("Here there is no dispute that all events giving rise to the Debtors' liability occurred in the 1990s, well before the petition was filed."); *see also In re Mitchell,* 255 B.R. 345, 359 (Bankr. D. Mass. 2000).  Again, the Debtor may believe that the $526,000 is wrong or unfair, but this does not make it contingent.

12.     Under the facts and law, Debtor's debt to Kroz and its corresponding claim is not contingent and, therefore, the Debtor's unsecured liabilities exceed the limits of eligibility pursuant to section 109(e).  The fact the Debtor disagrees that he should owe Kroz that much is irrelevant— the amount is not contingent and is liquidated.  *See In re DeJounghe*, 334 B.R. at 769 ("If the claim is subject to ready determination and precision in computation of the amount due, it is generally viewed as liquidated.") (citations omitted).

13.     The circumstances in *In re Huelbig* are instructive here on the § 109(e) issue.  There, Allstate sued the debtor prepetition for a variety of claims.  Prior to judgment, the debtor and his wife filed a Chapter 13 case.  Allstate thereafter sought to dismiss the case under § 109(e).  Judge Votolato ruled that the debtors' debts to Allstate were not contingent because all the events giving rise to liability occurred prior to commencement of the Chapter 13 case and that, while the liability had not been reduced to judgment, the dollar amount of its claim could be calculated by simple arithmetic.

14.     The same is true here with respect to Kroz.  As of the Filing Date, Debtor had a noncontingent and liquidated debt to Kroz in the amount of $526,000, and, therefore, combined with the Debtor's other liquidated and not contingent unsecured debt, he is statutorily ineligible to be a debtor under Chapter 13 of the Code.

15.     "Section 1307(c) provides that on request by a party-in-interest, after notice and a hearing, the court may dismiss a case under Chapter 13 or convert the case to a Chapter 7 case,

-4-

whichever is in the best interests of the creditors and the estate, for cause." *In re Sullivan*, 326 B.R. 204, 210–11 (1st Cir. B.A.P. 2005).

16.    Under the circumstances of this filing, Wells Fargo asserts that dismissal of Debtor's Chapter 13 case is in the best interest of all creditors.  *See also In re Williams,* Ch. 13, Case No. 21-20162 PGC (Dkt. No. 51) (Order dismissing Chapter 13 case, *sua sponte,* for lack of eligibility under § 109(e) of Code).

### Conclusion

WHEREFORE, Wells Fargo hereby joins in the Motion to Convert and requests that the Court: (i) dismiss Debtor's Chapter 13 case for lack of eligibility under § 109(e) of the Code; and (ii) grant Wells Fargo such other and further relief as may be just and equitable under the circumstances.

Dated at Portland, Maine this 7th day of February, 2022.

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Creditor,
Wells Fargo Bank N.A.

CRESWELLLAW
183 Middle Street, Suite 100
Portland, ME  04101                           and
207.358.1010
rcreswell@creswelllaw.com

Alexis A. Leventhal, Esq.
Counsel for Creditor,
Wells Fargo Bank N.A.

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716

## <u>CERTIFICATE OF SERVICE</u>

I, Randy J. Creswell, Esq., hereby certify that, pursuant to D. Me. LBR 9042-1, I have served on this day copies of the above Joinder and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise indicated below).

Dated at Portland, Maine this 7th day of February, 2022.

<u>/s/ Randy J. Creswell</u>
Randy J. Creswell, Esq.
Counsel for Creditor,
Wells Fargo Bank N.A.

CRESWELLLAW
183 Middle Street, Suite 100
Portland, ME  04101
207.358.1010
rcreswell@creswelllaw.com

### <u>Service List</u>

Wells Fargo Bank N.A.
Attn: Alexis A. Leventhal, Esq. (via email only)
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716

Frederick Lyle Avery
871 Morrills Mill Road
North Berwick, ME  03906