UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: | ) |
| | ) |
| **FREDERICK LYLE AVERY**, | )   Chapter 7 |
| | )   Case No. 21-20285 |
| Debtor. | ) |
| | ) |

### ORDER ON FINAL APPLICATION OF J. SCOTT LOGAN, ESQ., FOR COMPENSATION OF LEGAL SERVICES

This matter came before the Court on the Final Application of J. Scott Logan, Esq., for Compensation of Legal Services (Docket Entry 156), seeking "approval" of $13,927.50 in compensation and $1,635.00 in expenses. Although the application indicates $15,562.50 in fees and costs, Mr. Logan seeks an award under 11 U.S.C. § 330(a) of only $1,765.00. Mr. Logan is not seeking an administrative expense claim with respect to the remaining $13,797.50 in fees and costs billed during his representation of the Debtor. As such, there is no need to "approve" or make a finding of reasonableness or necessity with respect to these fees and expenses under 11 U.S.C. § 330(a).

The Court does find, however, that an award in the amount of $1,765.00 is appropriate under 11 U.S.C. § 330(a). Compensation is reasonable if, among other things, the "services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). The Debtor generally objects to the application on the grounds that, *inter alia*, Mr. Logan did not effectively represent him and the time records are not sufficiently detailed to determine whether the fees and

expenses were reasonable and necessary.[1]  It is important to note that the question under 11 U.S.C. § 330(a)(3)(C) is whether the services were necessary to the administration of the *case*. Compensation may not be allowed for any fees that were not reasonably likely to benefit the debtor's estate or were not necessary to the administration of the estate.  11 U.S.C. § 330(a)(4)(a).  While an attorney representing a debtor in a chapter 12 or 13 case may also seek compensation for "representing the interests of the debtor in connection with the bankruptcy case," the primary question is whether the services were necessary for the administration of the case and benefitted the estate. 11 U.S.C. § 330(a)(4)(B).

    The $1,765.00 award that Mr. Logan seeks barely covers the cost of the chapter 13 filing fee ($313.00), the costs of obtaining credit counseling and credit reports ($97.00), the cost of serving additional creditors ($32.00), the fees charged for services provided in connection with the preparation of the petition and schedules ($990.40), and the fees for Mr. Logan's attendance at the meeting of creditors ($225.00).  All of these services, in addition to several other entries relating to the gathering of information, were necessary to the filing and administration of this case.

    For these reasons, Mr. Logan is hereby awarded $1,765.00 in compensation and/or reimbursement of expenses under 11 U.S.C. § 330(a).

Dated: January 13, 2023        /s/ Peter G. Cary
                                         Hon. Peter G. Cary
                                         United States Bankruptcy Judge
                                         District of Maine

---

[1] The Debtor also argued that this Court should defer ruling on the application until he can determine the validity of potential malpractice claims against Mr. Logan and settle or litigate any such claims.  The Court will not defer the adjudication of a claim properly and timely asserted under 11 U.S.C. §§ 330 and, in turn, the administration of this chapter 7 case.